IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00185-CV

 

Lisa Martinez Paul

and Stephen Edward Martinez,

                                                                      Appellants

 v.

 

Merrill Lynch Trust Company of 

Texas, Acting in the Capacity of 

Independent Executor of the 

Estate of Jose Eduardo Martinez, 

Deceased and Toni Wasson 

Salvaggio Martinez,

                                                                      Appellees

 

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court No. 11,414-PC

 



DISSENTING Opinion










 

          The issue decided by the majority that
overshadows its other conclusions is determining that the party responding to a
declaratory judgment ruling cannot appeal an adverse ruling if they, too, did
not file a pleading also seeking a declaratory judgment.

          Appellants were responding to a suit
for declaratory judgment.  Their view of the facts and the law was rejected by
the trial court and a contrary position declared.  The majority holds they
cannot complain on appeal about the trial court’s ruling.  What a neat position
to be in if you are the plaintiff in a declaratory judgment and win – nobody
else can complain because they did not plead a cause of action.  So it truly is
a case of heads I win, tails you lose, on the appeal.  I won below on my
declaratory judgment action and tails you lose because you lost on the
declaratory judgment action and cannot complain on appeal.  This cannot be the
law.  As the defendant in a suit for declaratory judgment, the Appellants have
a right to complain about the declaration of rights under the trial court’s
declaratory judgment.  On the record before us, at a minimum the issue was
joined and tried by consent.

          Because the holding on this issue may
impact the analysis on whether the trial court abused its discretion on the
other issues, I will withhold a full analysis of them.  See In the
Interest of S.A.P., 135 S.W.3d 165, 178 (Tex. App.—Waco 2004) (Gray, C.J.,
dissenting), rev’d, 156 S.W.3d 574 (Tex. 2005) (Chief Justice Gray yields
to the pressure of a more timely response, as opposed to conducting a “separate,
but futile, analysis.”)

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed August 31, 2005